IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-10058-01-WEB |
| | ) | |
| GARVIN J. NOVACK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>Memorandum and Order</u>**

This matter came before the court on the defendant's objection to the Presentence Report. The court ruled orally on the objection at the sentencing hearing of May 8, 2006. This written memorandum will supplement the court's oral ruling.

The defendant has filed one objection to the Presentence Report. He argues that a downward departure is warranted under Section 5H1.6 of the Guidelines for extraordinary "Family Ties and Responsibilities." He says he is the sole caretaker for his mother, who is in her 80's and in poor health. Defendant states that he resides with his mother at her house in Offerle, Kansas, and that due to her emphysema she is on oxygen 24 hours a day. Defendant says he performs the household chores and takes care of his mother, including buying groceries and prescription medicines, and that he supplements her income with at least $200 a month, which she needs to help pay medication costs not covered by insurance. Defendant states that his mother is able to remain in her home because he operates his business (an auto body-shop) just next door to the home. He says that if receives a prison sentence, his mother will most likely have to be taken out of the house where she has lived for 65 years, and be placed in a nursing home.

Although defendant has siblings, he says they are not in the area and would not be available to help provide care. Defendant also argues the court should consider various efforts that show good faith on his part.

The Government opposes a departure under Section 5H1.6, arguing that defendant's role as a sole care-taker does not render a case extraordinary and does not warrant a departure. *Citing United States v. Serrata*, 425 F.3d 886 (10th Cir. 2005) ("We have repeatedly stated that a defendant's role as a 'sole caretaker' and a child's need 'to be taken care of' do not render [a case] extraordinary.").

Family circumstances are a discouraged factor under the guidelines, and are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. USSG § 5H1.6. A downward departure for extraordinary family circumstances may be appropriate where the care provided by the defendant is "irreplaceable or otherwise extraordinary." *United States v. Roselli*, 366 F.3d 58, 69 (1st Cir. 2004). This standard is unlikely to be met, however, if there are alternative sources of care available for family members. *Id*. In *United States v. Archuleta*, 128 F.3d 1446 (10th Cir. 1997), for example, the Tenth Circuit reversed a downward departure for a defendant who was the sole support for his two children and his elderly, diabetic mother. The court noted found the circumstances were insufficient to warrant a departure. *See also United States v. Webb*, 49 F.3d 636 (10th Cir. 1995) (finding that the defendant's role as a sole care-taker for his child did not render the circumstances extraordinary).

One of the requirements for a departure in such cases is a showing that the loss of the defendant's care "is one for which no effective remedial ... programs reasonably are available, making the defendant's care taking or financial support irreplaceable to the defendant's family." USSG 5H1.6, comment n.1(B)(iii). Although it is possible that the defendant's incarceration might affect his mother's living arrangements, and could result in her being placed in a nursing home, the availability of such other means

of care is a reasonable alternative to the defendant's care and assistance. The fact that a defendant's incarceration may require alternative living arrangements for dependent family members (including parents and children) is not, in itself, a rare or extraordinary circumstance. In this case, as in most cases, the defendant's family may suffer from his incarceration, but his family responsibilities do not warrant a departure. Nor do the other circumstances cited by defendant warrant a downward departure from the guidelines.

Of course, the court recognizes that regardless of whether defendant's circumstances would justify a departure under the guideline standards, the guidelines post-*Booker* are advisory, and the court has discretion to impose an appropriate sentence by considering the advisory guideline range together with the other factors in 18 U.S.C. § 3553(a). In this case, however, after considering these factors the court concludes that a sentence within advisory range is appropriate and is necessary to comply with the purposes of sentencing, including the need to provide just punishment for the offense and to afford adequate deterrence to criminal conduct.

*Conclusion*.

Defendant's objection to the Presentence Report, and his request for a downward departure, are DENIED.

The Probation Officer in charge of this case shall see that a copy of this order is attached to any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this __11th__ Day of May, 2006, at Wichita, Ks.

                                                     s/Wesley E. Brown
                                                    Wesley E. Brown
                                                    United States Senior District Judge